

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER A. APPEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 2953 ) Paul E. Plunkett, Senior Judge |
| HONDO, INC., an Indiana Corporation, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Christopher Appel ("Plaintiff") has filed a lawsuit against his former employer, Hondo, Inc. ("Hondo" or "Defendant"), alleging breach of contract. Defendant has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that because Appel was an "at-will" employee, no contract existed and therefore no breach occurred. Based on the foregoing, we grant Hondo's motion and, accordingly, the complaint is dismissed.

### Facts

Plaintiff alleged that he was employed as a sales center manager with Hondo from September 1984 until January 2005. When he was hired, Plaintiff was given a policy manual that outlined the appropriate conduct and disciplinary procedures for employees. The manual sets forth a four-step corrective action procedure for all non-union employees, which includes a detailed outline for each step including what should be discussed with the employee during the meeting and how the corrective action form should be completed. In bold type, the policy specifically requires that a

human resources manager must be consulted prior to any final written warning or termination. All other language in the policy statement is phrased as advisory – that is, certain procedures "should" be followed. (Pl's Compl. Ex. A.)

For the first twenty years of his employment, Plaintiff was not subject to any discipline by Hondo. In September 2004, however, Plaintiff was ordered to meet with his supervisor and area vice-president, Philip Paulstein. In that meeting Plaintiff and Paulstein discussed a comment that a female co-worker alleged Plaintiff had made to her. Plaintiff was ordered to apologize to the co-worker, and after he did so he believed that the matter was resolved. However, on January 11, 2005, in a meeting with human resources manager, Beverly Butler-Burns, Burns re-visited the September 2004 incident. Two hours later, Paulstein told Plaintiff to leave his office and complete the work day from home. Paulstein telephoned Plaintiff the next morning and again informed him to work from home that day. At approximately 3:00p.m. on January 12, Plaintiff was told to come into work and meet with Paulstein and human resources director, John Douglas. In that meeting, Douglas told Plaintiff that his employment was terminated. Plaintiff claims that Defendant failed to follow its own progressive discipline system as articulated in the policy and therefore breached its contract with Plaintiff.

## **The Legal Standard**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Discussion

This Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Federal district courts, sitting in diversity, apply the substantive law of the forum state. *ITQ Lata, LLC v. MB Fin. Bank, N.A.*, 317 F. Supp. 2d 844, 851 (citing *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2000)). With such original jurisdiction in an employment situation, the law of the state in which the employee works governs; therefore, we are compelled to apply Illinois law. *Rives v. Biomedical Corp.*, 38 F.3d 909, 915 (7th Cir. 1994).

Defendant argues that Plaintiff's breach of contract claim must be dismissed because Plaintiff was an at-will employee and that, contrary to Plaintiff's contentions, the employee manual and policy do not constitute a contract. Under Illinois law, employer-employee relationships are presumed to be "at-will." *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 363 (7th Cir. 2005). The employee bears the burden of overcoming this presumption by showing that a binding contract of employment was formed. *Id.* An employee handbook can only be considered a contract of employment if the classic requirements of contract formation are present—offer, acceptance, and consideration. *Duldulao v. St. Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 318 (Ill.1987) (stating "first, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made; [s]econd, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer; [t]hird, the employee must accept the offer by commencing or continuing to work after learning of the policy statement.") The Illinois Supreme Court concluded a valid contract is not formed until the above

test is met. *Id.* at 319. The standard to determine whether the offer was clear and valid is an objective one. *Tolmie v. United Parcel Service*, 930 F. 2d 579, 581 (7th Cir. 1991). Further, federal courts applying Illinois law have consistently found that positive and mandatory language is required in order to find an enforceable contractual right to progressive discipline exists. *See Doe v. First Nat'l Bank*, 865 F.2d 864, 872 (7th Cir.1989) (listing cases). Language that "does not guarantee that the formal levels of progressive discipline will be followed in all cases and without exception[,] . . . permitting an employer to 'jump the queue[,]' is 'too loose and vague to confer a legally enforceable right' to progressive discipline." *St. Peters v. Shell Oil Co.*, 77 F.3d 184, 188 (7th Cir.1996) (quoting *Campbell v. City of Champaign*, 940 F.2d 1111, 1112–13 (7th Cir.1991)). Furthermore, to aid in determining its effect, Fed. R. Civ. P. 10(c) tells us that an exhibit, like the manual, that is attached to the complaint should be considered as an integral part of the complaint.

In *Duldulao*, the Illinois Supreme Court found that a contract existed where a handbook dictated that "permanent employees '*are never* dismissed without prior written admonitions and/or investigation that has been properly documented,' and that 'three warning notices within a twelve-month period *are required* before an employee is dismissed, except in the case of immediate dismissal." *Duldulao*, 505 N.E. 2d at 318. The court found that the mandatory nature of the language created an enforceable contractual right to the outlined disciplinary system.

Here, the parties disagree as to whether the first and second prongs of *Duldulao* have been satisfied. As we may consider the actual manual and policy that Plaintiff attached to his complaint, we look to the language of those documents to determine their import. Hondo's policy does not use mandatory language similar to that in *Duldulao*. The policy states that it is a guideline for managers

to provide feedback to employees who are not performing up to company standard. However, to meet the stringent requirements set forth in *Duldulao*, the language of an employee communication must be sufficiently strong and clear to adequately show that an offer was made. The only mandatory language explains the completion of the forms, i.e., what they must say, in what form they must appear, where they must be filed, who must sign, and who must be present during a final written warning or termination. (Pl.'s Compl., Ex. A, at 1-3.) Nowhere in the policy does it say that under each circumstance, without exception, the four steps must be followed. Rather, in the specific discussion about each step, the policy indicates what *"should"* be included in the discussion. Furthermore, in a separate section of the policy entitled "Consistent Application of Corrective Action," Hondo reserves the right to jump the queue and immediately terminate employees without following the formal levels of a progressive discipline system, specifically, in situations involving harassment and discrimination. (*Id.* at 4.) Thus, the language is not mandatory and it is not reasonable that an employee would construe the policy as part of an offer. This discretionary language cannot be read as an offer of continued employment. Thus, we find that no such contractual obligation existed. Even if we were to view the language as mandatory, the policy specifically provides that the progressive discipline does not apply in cases involving harassment. Plaintiff's own allegations reveal this was exactly what was involved in his discipline.

Finally, Plaintiff also argues that the inconspicious placement of the disclaimer made the clause ineffective and non-existent. Several courts have held that disclaimers prevent the formation of a contractual employment relationship. *See, e.g., Robinson v. Christopher Greater Area Rural Health Planning Corp.*, 566 N.E.2d 768, 772 (Ill. App. 1991). Other courts believe that the placement and typeset of a disclaimer must be considered to determine its affect. *Hicks v. Methodist*

*Med. Ctr.*, 593 N.E. 2d 119, 121-122 (Ill. App. Ct. 1992) (stating that in order to relieve an employer from any contractual duties, a disclaimer must be conspicuous and set off from the rest of the text.) Even in the presence of a valid contract, an effective disclaimer can negate the obligations that a party has under a contract. *Daymon v. Hardin County Gen. Hosp.*, 210 Ill. App. 3d 927, 931 (Ill. App. 1991).

Here the disclaimer is set off in its own section on page four of a six-page document. The title is underlined with each word capitalized. It is not hidden in smaller font or type-set, nor is it tucked away in the middle of a voluminous document that would be imperceivable to the reader. However, although the separate heading and placement of the disclaimer here appears to be adequate, we have determined that the language in the policy was not sufficiently clear and mandatory to create an offer and contract. Therefore, because there is no contract, there are no duties to disclaim. Because we believe the language of the handbook and policy do not create contractual obligations between the parties, the conspicuousness of the disclaimer here is irrelevant.

## Conclusion

Based on the foregoing, Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice. This is a final and appealable order.

**ENTER:**

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

**DATED:** SEP 2 9 2005